UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOISEY CALDWELL,

                    Plaintiff,

        – against –

QUIANA SMITH-WILLIAMS,

                    Defendant.

**ORDER**

25-cv-07706 (ER)

RAMOS, D.J.:

Boisey Caldwell, proceeding *pro se*, brought this action against Quiana Smith-Williams, an attorney at the New York City Law Department, on September 17, 2025. Doc. 1.  In his initial filing, which is addressed to the New York State Commission on Judicial Conduct, he asserts that he is filing a "misconduct complaint . . . [s]olely for . . . potential disciplinary action against [certain] judge[s], including their removal from the bench."  *Id.* at 1, 9.  He alleges that in previous cases in this District, three judges have "ignored the facts" before them and that this conduct violates Canons 2 and 3 of the Code of Conduct for United States Judges.  *Id.* at 9–10.

The Court dismisses the case *sua sponte*.  Although, in general, a court should not dismiss a *pro se* complaint without granting leave to amend, *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015), a court may do so when the claims are frivolous, *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000), or amendment would otherwise be futile, *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011). Here, *sua sponte* dismissal is appropriate for three reasons.

First, insofar as Caldwell alleges that certain judges violated the Code of Conduct for United States Judges, "he should go before the appropriate disciplinary authorities to file formal complaints.  These alleged ethics violations do not form a valid cause of action before this Court . . . ."  *Fagan v. United States District Court for Southern District of*

*New York*, 644 F. Supp. 2d 441, 450 (S.D.N.Y. 2009). Thus, to the extent that Caldwell alleges that "a judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts," he "may file with the clerk of [the Second C]ircuit a written complaint containing a brief statement of the facts constituting such conduct." 28 U.S.C. § 351(a).

Second, insofar as Caldwell means to challenge the substance of prior judges' rulings, he was required to do so on appeal.[1] Third, to the extent that Caldwell means to raise claims against Smith-Williams based on her role in the class action suit, *Stinson v. The City of New York*, No. 10-cv-04228 (RWS) (S.D.N.Y.), those claims would be frivolous, because they have already been dismissed by another court in this District. *See Caldwell v. Cohen*, No. 21-cv-5039 (LTS), 2021 WL 3193030, at *5 (S.D.N.Y. July 26, 2021). They also would be barred by the doctrine of claim preclusion. *See Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 918 (2d Cir. 2010) ("[C]laim preclusion bars a subsequent action—involving either the same plaintiffs or parties in privity with those plaintiffs—from asserting claims that were, or could have been, raised in a prior action that resulted in an adjudication on the merits.").

For the reasons set forth above, the action is therefore DISMISSED. The Clerk of the Court is respectfully requested to terminate the case.

It is SO ORDERED.

Dated:    December 19, 2025
          New York, New York

EDGARDO RAMOS, U.S.D.J.

---

[1] Caldwell did appeal the three actions that he references in his initial filing; they were all dismissed. *See Caldwell v. City of New York*, No. 18-2753 (2d Cir. Jan. 16, 2019) (dismissal for "lack[ing] an arguable basis either in law or fact"); *Caldwell v. Sutton*, No. 20-2625 (2d Cir. Dec. 23, 2020) (same); *Caldwell v. Cohen*, No. 23-1090 (2d Cir. Nov. 29, 2023).