UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOISEY CALDWELL,

                              Plaintiff,

          – *against* –

QUIANA SMITH-WILLIAMS,

                              Defendant.

**ORDER**

25-cv-07706 (ER)

RAMOS, D.J.:

Boisey Caldwell, who is proceeding *pro se*, brought this action against Quiana Smith-Williams, an attorney at the New York City Law Department, on September 17, 2025.  Doc. 1.  In his initial filing, which was addressed to the New York State Commission on Judicial Conduct, he asserted that he was filing a "misconduct complaint . . . [s]olely for . . . potential disciplinary action against [certain] judge[s], including their removal from the bench."  *Id.* at 1, 9.  He alleged that in previous cases in this District, three judges "ignored the facts" before them and that this conduct violates Canons 2 and 3 of the Code of Conduct for United States Judges.  *Id.* at 9–10.

The Court dismissed the case *sua sponte* on December 19, 2025.  Doc. 8.  The Court reasoned that:  (1) a civil case is not the appropriate vehicle for filing a judicial misconduct complaint, (2) any challenges to the substance of prior rulings should have been raised on appeal, and (3) any claims against Smith-Williams based on her role in the class action suit, *Stinson v. The City of New York*, No. 10-cv-04228 (RWS) (S.D.N.Y.), were frivolous and barred by the doctrine of claim preclusion.  *Id.* at 2.

Caldwell then submitted a filing to the Court dated January 3, 2026.  Doc. 9.  The filing includes three letters.  In the first letter, Caldwell argues that the Court's order dismissing his case "was held for two weeks before it was mailed out" to "waive the ten-day response [that he] would have had otherwise."  *Id.* at 1.  In the second letter, he

contends  that "[n]othing in the court['s] order is just or proper" because Chief Judge Swain is "trying to dismiss [the case] based on the fact that [he] filed a Judicial Misconduct Complaint against her" and the case "is about an Attorney Committing Perjury under false pre[tenses], not the prior issues that don't connect this case with what the court has deemed in its order." *Id.* at 2.  The third letter requests that Caldwell be "unbound to the [*Stinson* settlement] agreement" and that Smith-Williams be "arrested and taken to prison for Committing Perjury." *Id.* at 10.  The filing also includes a motion for a summary judgment, an affidavit in support of that motion, a letter to the New York State Commission on Judicial Conduct, and a certificate of disposition regarding a criminal case against Caldwell.  *Id.* at 5–9, 13–20, 24–30.  The Court construes the filing as motion for reconsideration pursuant to Local Rule 6.3.

The motion is denied.  Assuming the motion is timely, Caldwell has not shown that reconsideration is warranted.  The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).  A motion for reconsideration "is not an opportunity to present 'new facts, issues[,] or arguments not previously presented to the court.'" *SimplexGrinnell LP v. Integrated Systems & Power, Inc.*, 642 F. Supp. 2d 206, 210 (S.D.N.Y. 2009) (quoting *Maalouf v. Salomon Smith Barney, Inc.*, No. 02 Civ. 4770, 2004 WL 2782876, at *1 (S.D.N.Y. Dec. 3, 2004)).

The thrust of Caldwell's motion is that Smith-Williams is liable for perjury.  But as the Court explained in its previous order, any claims against Smith-Williams based on her role in *Stinson* are frivolous because they were dismissed by another court in this District, *Caldwell v. Cohen*, No. 21-cv-5039 (LTS), 2021 WL 3193030, at *5 (S.D.N.Y. July 26, 2021), and barred by the doctrine of claim preclusion.  Doc. 8 at 2.  And Caldwell does not identify any "controlling decisions or data that the [C]ourt overlooked" with respect to that ruling.  *Analytical Surveys, Inc..*, 684 F.3d at 52.  To the extent that

Caldwell raises new arguments in support of his perjury claim, he is not permitted to do so in a motion for reconsideration. *SimplexGrinnell LP*, 642 F. Supp. 2d at 210. And, in any event—as Caldwell's motion notes, Doc. 9 at 19—there is no civil cause of action for perjury under federal or New York law. *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002); *Abrahams v. Inc. Village of Hempstead*, No. 08-cv-02584 (SJF) (WDW), 2009 WL 1560164, at *8 (E.D.N.Y. June 2, 2009).

For the reasons set forth above, the motion is therefore DENIED.

It is SO ORDERED.

Dated:    January 13, 2026
          New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

3