UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOISEY CALDWELL,

                    Plaintiff,

        – *against* –

QUIANA SMITH-WILLIAMS,

                    Defendant.

**ORDER**

25-cv-07706 (ER)

RAMOS, D.J.:

Boisey Caldwell, who is proceeding *pro se*, brought this action against Quiana Smith-Williams, an attorney at the New York City Law Department, on September 17, 2025.  Doc. 1.  The Court dismissed the case *sua sponte* on December 19, 2025.  Doc. 8.  Following the Court's dismissal, Mr. Caldwell has submitted various motions, which the Court has denied.  *See* Doc. 24, 29.  The Court has also warned Mr. Caldwell that "his continued submission of repetitive filings may result in an injunction on future filings in this case."  Doc. 24.

Since then, Mr. Caldwell has submitted various filings that seek to vacate the *Stinson* class settlement as applied to him pursuant to Rule 60(b).  *See* Docs. 30, 33–35.  Mr. Caldwell also requests that the Court direct Smith-Williams to provide the email address for an attorney, Jeffrey Frank, who he contends was assigned to represent the defendants in another case that he filed in this District.  Doc. 32.  Mr. Caldwell finally requests that this case be reassigned to another judge.  Doc. 33.

The requests are denied.  To the extent that Mr. Caldwell seeks to vacate the *Stinson* judgment pursuant to Rule 60(b), his motion must be brought in the court and action in which that judgment was rendered.  *Tibbetts v. President & Fellows of Yale College*, No. 301 Civ. 1763 (CFD), 2005 WL 162382, at *3 n.4 (D. Conn. Jan. 20, 2005), *aff'd*, 303 F. App'x 935 (2d Cir. 2008).  Because the *Stinson* judgment was not rendered in

this action, a Rule 60(b) motion that seeks to vacate it cannot be filed in this case. And insofar as Mr. Caldwell seeks reconsideration of the Court's dismissal of *this* action against Smith-Williams, as the Court has previously explained, he is not permitted to file successive motions for reconsideration. *Telecom Business Solution, LLC v. Terra Towers Corp.*, No. 22 Civ. 1761 (LAK), 2025 WL 2770693, at *1 (S.D.N.Y. Sept. 26, 2025). In any event, his arguments for reconsideration lack merit for the reasons set forth in the Court's order dismissing the case. *See* Doc. 8.

Mr. Caldwell's request to direct Smith-Williams to provide Frank's email address is also denied because this case is closed and the request bears no relation to it.

Finally, Mr. Caldwell's request for reassignment to different judge is denied as he has not provided any grounds to support recusal. Mr. Caldwell asserts, without further explanation, that reassignment in this case is "mandatory" because "a reasonable observer [would] question the Court's impartiality." Doc. 33 at 5. This conclusory assertion, however, cannot support recusal. And insofar as Mr. Caldwell bases his request on the substance of the Court's previous rulings, the Court notes that "disagreement with a court's ruling is not grounds for recusal." *Anthes v. New York University*, No. 17 Civ. 2511 (ALC), 2018 WL 1115164, at *2 (S.D.N.Y. Feb. 28, 2018), *aff'd sub nom. Anthes v. Nelson*, 763 F. App'x 57 (2d Cir. 2019); *see also Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) ("Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality.").

Mr. Caldwell is further advised that his continued submission of frivolous or repetitive filings will result in an order barring future filings in this case.

It is SO ORDERED.

Dated:    April 29, 2026
          New York, New York

_____
        EDGARDO RAMOS, U.S.D.J.

2